# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENOVEVA RONQUILLO, individually and on behalf of all others similarly situated,<br>　　　　Plaintiff,<br>　v.<br>TRAVELCENTERS OF AMERICA, LLC, et al.,<br>　　　　Defendants. | Case No.: 1:19-CV-00770-LJO-JLT<br><br>ORDER AFTER SCHEDULING CONFERENCE |

The Court held a scheduling conference but did not schedule the case. Rather, it discussed with counsel setting a deadline by which the motion to compel arbitration intended by the defense and the motion to amend the complaint intended by the plaintiff, must be filed. Thus, the Court **ORDERS**:

　　1.　　The motion to compel arbitration **SHALL** be filed **no later than October 8, 2019** with a hearing **no later than November 22, 2019**;

　　2.　　The motion to file a first amended complaint to add a PAGA claim **SHALL** be filed **no later than October 8, 2019** with a hearing **no later than November 22, 2019**. If the plaintiff chooses to file this motion, she SHALL certify she has reviewed the operative complaint in the matter filed earlier in San Bernardino Superior Court seeking PAGA damages for the same conduct at issue in this litigation and that she has a good faith belief that the San Bernardino action

1

is not meritorious or that the San Bernardino action is not likely to afford complete relief to the collection.[1] (See Colorado River Water Conservation District v. United States, 424 U.S. 800, 817-818 (1976); R.R. St. & Co. v. Transp. Ins. Co., 656 F.3d 966, 978-979 (9th Cir.2011).)

3. The Court set a further scheduling conference on **January 13, 2020** at 8:30 a.m. Counsel may appear by teleconference by dialing (888) 557−8511 and entering Access Code 1652736, provided they lodge an intent to appear telephonically by email to SHall@caed.uscourts.gov at least five days before the hearing.

IT IS SO ORDERED.

Dated: **August 21, 2019**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court's concern is that there can be no double PAGA recovery and, admittedly, the decision to add a PAGA claim is based upon an attempt to stave off an effort to convince the Court that an arbitration agreement is applicable. The Court has no ability to know if the arbitration agreement would justify remand to arbitration, but adding a claim that the plaintiff *knows* is already being pursued in another forum and which will provide complete relief to the collection, may be contrary to the dictates of Rule 11.